## Fred Fleischbein, Appellee, v. E. E. Strother et al., Appellants.

1. INSTRUCTIONS—*when assumption of facts will not reverse.* *Held,* that if an instruction states a correct proposition of law, it will not reverse even though it assumes facts, if the jury could not have been misled thereby.

2. INSTRUCTIONS—*when erroneous upon measure of damages will not reverse.* An instruction upon the measure of damages will not reverse even though erroneous if it appears that the damages awarded were well sustained by the evidence.

Action in case for personal injuries. Appeal from the Circuit

Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed June 15, 1909.

WEBB & WEBB, for appellants.

R. W. ROPIEQUET and LOUIS KLINGEL, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of St. Clair county, by appellee against appellants, to recover for a personal injury. Trial by jury. Verdict and judgment in favor of appellee for $250.

On and prior to the plaintiff's injury, the defendants were operating a skating rink in the city of Belleville, Illinois. At about the center of the room which was used for rink purposes they had erected and were maintaining a band stand or platform, for the accommodation of musicians. This platform was about fourteen feet long and seven feet wide and was about seven feet above the floor of the rink. It was reached by a ladder extending upward to it from the floor at the southwest corner.

Originally there was a railing or banister all around the edges of this platform except at the place of entrance. This railing was about three feet above the platform floor and was composed of two by four timbers with the broad side up. The space between the floor and the railing was filled in with a strip of red bunting fastened above and below, and tightly stretched.

In January, 1906, the plaintiff was employed along with four other men to furnish music at defendant's rink for the evening sessions, and he played there every night until April of the same year. While rendering music the men were required to be upon the platform. They were seated upon chairs, which were stationed around the edges of the platform, facing in-

ward, and the men relied upon the railing to keep them from falling off.

After the close of the skating season in April, 1906, the plaintiff did not again play at defendant's rink until October, 1907. In the mean time a piece of railing about four feet long, had been removed by the defendants from the south side of the musicians' platform next to the post at the southeast corner. The bunting, however, which had filled the space between this railing and the platform floor still remained, stretched as before. It was of a reddish color of thin material, and neither wholly transparent, nor wholly opaque.

Appellee returned there to play in the fall of 1907 and played two evenings during the month of October. On the tenth of November he returned to play again when he was injured.

On the night of the injury, appellee sat on the south side of the platform, at the place where the railing had been removed. He sat about two feet from the platform's edge with his back to the unprotected bunting and his face to the north. About four feet west of him, also near the south railing, sat another musician, who was facing westwardly, from whom appellee had borrowed a book and was endeavoring to return it. He held the book in his right hand and leaned to the left. At the same time, in order to steady himself, he attempted to put his hand upon the railing. There being no railing there, his hand pressed upon the bunting which gave way, and he was thrown about seven feet to the floor of the rink. His right collar bone was broken and he was otherwise seriously injured.

The declaration charges that appellee was employed by and with the knowledge and consent of appellants.

Before the piece of railing was removed, appellee had played there more than a hundred nights, and he had played there one night for about three hours, after the piece of railing was removed, before the occasion of his injury; but he had not observed the fact

that the piece of railing had been removed or that any change had been made in the railing.

Counsel for appellants contend that appellee was guilty of contributory negligence in failing to observe the condition of the railing; and also, that the danger was open and apparent and that appellee must for that reason, be held to have assumed the risk.

We do not understand that it is contended that appellee actually did observe the condition of the railing or that he had any notice or knowledge of its condition. What counsel contend as we understand them is, that appellee had played on that platform more than a hundred nights before the piece of railing was removed and was thoroughly familiar with the structure of the platform and with the surroundings; that he had played there on two occasions after the piece had been removed, before the occasion of his injury; that the hall and platform were well lighted, and that if he had exercised ordinary care and caution for his own safety he would have discovered the dangerous condition and might have avoided the injury, and therefore they contend that the court erred in refusing to direct a verdict in favor of appellants.

We think under the evidence in this case these were questions of fact for the jury and not questions of law for the court. It must be conceded that the place was dangerous and that appellants were guilty of negligence in leaving it in that condition. Appellee had played there more than a hundred nights when it was safe and he knew during all that time that it was safe, and upon returning there to play after this section had been cut out of the railing, he saw everything apparently as it had been before, the bunting stretched all around the platform covering all the space from the top of the railing to the floor of the platform, just the same where the piece had been sawed out of the railing as where it had not, and nothing to attract attention to the fact that any change had been made.

Counsel challenge the first and second instructions

given on behalf of appellee. As to the first, they say it assumes that appellants employed appellee. This appears to be true, but, notwithstanding, it states a correct proposition of law applicable to the facts of this case. Appellee was employed to assist in carrying on appellants' business with the knowledge and consent of appellants, and was required to perform his duties in a place furnished and maintained by appellants and wholly under their control. The defect complained of could not have misled the jury. There are other objections pointed out to this instruction, but they are fully cured by instructions given on behalf of appellants.

The second instruction relates to the measure of damages, and is defective in the respects charged against it by counsel, but it is evident to the court that the jury was not misled by it, for the injury proven was quite a serious one and the amount of damage assessed was only $250. This, counsel do not claim to be excessive.

We find no reversible error in this record. The judgment of the Circuit Court is affirmed.

*Affirmed.*